THE STATE, *ex rel.* J. R. ERWIN *v.* L. H. LOWRANCE.

The office of the Clerk of the Superior Court of the County for which one is sheriff, is the proper place of deposit for the bond of such sheriff; *therefore,* a copy of such bond certified by such Clerk, is competent evidence of its contents.

Such a copy is competent (at least under the maxim, *omnia præsumuntur* &c.,) even although the certificate do not state that it has been recorded.

A writ of *fi. fa.*, under the seal of the Court, requires no proof to render it admissible in evidence.

Where a sheriff is sued for failure to collect a debt under an execution, the measure of damages is the value of the property which he might have subjected by virtue of the execution, not the amount of the debt in his hands for collection, unless the former exceed the latter.

DEBT, upon a sheriff's bond, tried before *Logan, J.,* at Spring Term 1870, of MECKLENBURG Court.

The plaintiff declared for a failure by the sheriff to collect a debt, an execution for which had been in his hands, &c.

Upon the trial the plaintiff offered in evidence a copy of the bond certified by the Clerk of the Superior Court of Lincoln, of which county the defendant was sheriff. The defendant objected to the admission, but was overruled.

The plaintiff also offered in evidence a writ of *fi. fa.*, purporting to have issued from the late County Court of Mecklenburg, under the seal of that Court, and to be signed by its Clerk, and also, to have the signature of the defendant, as sheriff, endorsed to a return, "not collected." The defendant objected to the admission of this also, but was overruled.

The debt in execution was $1,046.67, &c. Under an alias *fi. fa.* the sheriff, (by Gen. Sickles' Order, No. 10,) had returned that the property in the debtor's possession was valued at $575. It was also in evidence that the sheriff had

said that he could have made the money under the first *fi. fa.*, if he had not been deceived by the debtor, &c.

The defendant requested the Court to instruct the jury that the value of the property in the debtor's possession, when the first *fi. fa.* should have been levied, was the proper measure of damages.

The Court declined to give this instruction, and told the jury that the debt in execution was the measure of damages.

Verdict for the plaintiff, for the amount of the debt, &c. Rule &c. Judgment, and Appeal by the defendants.

*Dowd*, for the appellants.
*Wilson*, *contra*.

Settle, J.   This was an action upon the official bond of the defendant, who was sheriff of Lincoln County, tried in Mecklenburg County at the last term of the Superior Court. The plaintiff offered in evidence a certified copy of the official bond of the defendant, from the Clerk of the Superior Court of Lincoln County, under the seal of his office.   To this the defendant's counsel objected, upon the ground that the certificate of the Clerk was not sufficient, especially as it did not show that the bond had ever been recorded.   There is no express provision of law directing where and by whom the official bonds of sheriffs shall be kept; but " every County Court, a majority, or twelve of the Justices being present, shall demand and take the bonds prescribed by law, and cause the same to be acknowled before them in open Court, and *recorded.*"

The Act of 1856–'57, ch. 36, directs all official bonds of sheriffs and constables, to be duly proved, certified and registered in the register's office of the counties where the same were given.

The second section enacts " that hereafter, upon the trial

of any suit which may be pending in any Court of record in this State, whereby to charge any sheriff or constable and their sureties, for a breach of their official bonds, in case the original bond declared on is lost or destroyed, a certified copy of the same from the register, in whose office the same was registered, shall be received and read in evidence in place of the original." The Legislature seems to have passed this act as an additional security for preserving the evidence of sheriffs' bonds, intending that it should be found both in the offices of the Clerk, and Register. By reference to the Rev. Code, ch. 19, secs. 9, 10 and 11, it will be seen that provision is made for having the evidence of Clerks' bonds preserved in two offices. Section 9 points out the manner of proving, and the place for depositing the bonds of the Clerks of the Superior, and County Courts. Section 10 requires the clerks in whose offices the said bonds shall be deposited, to have the same immediately registered in the Register's office of their respective Counties. Section 11 requires the Clerks to keep the originals in the same manner as they keep the records of their Courts.

Our conclusion is, that the Clerk is the proper person with whom the original bonds of a sheriff should be deposited, but they must be proved, certified and registered, as required by the act of 1856–'57, in addition to being *recorded* as required by the Rev. Code, ch. 105, sec. 13. It will be observed that a certified copy from the register, can be recorded and read in evidence, in place of the original bond, only when the original is lost or destroyed. Unless it is made to appear that the original is lost or destroyed, there is no provision making the certified copy of the register evidence. But we have seen that the clerk is required to make a record of the sheriff's bonds. The manner of proving all records in Courts, other than those to which they belong, is by certified copies. The fact that these bonds are required

to be registered, and in case of loss or destruction, that the register may give certified copies, does not prevent certified copies from the Clerk of the Court of which they are a record, from being evidence. But it is urged that the certificate of the Clerk does not show that the bond had ever been recorded. It appears from the record that the execution of the bond was acknowledged in open Court, approved and accepted by the Court, and ordered to be registered and filed according to law. The doctrine *omnia presumuntur* &c., comes to the relief of the Clerk's certificate, even if it be conceded that it is not so full as it might have been, especially since these acts for recording and registering, are merely directory.

The second objection of the defence, to-wit : that the *fi fa.* offered in evidence, was not properly proved, is untenable. It was sufficiently authenticated by the seal of Mecklenburg County Court.

On the question of damages, his Honor instructed the jury, that if they found for the plaintiff, they must allow the whole amount which plaintiff claimed, to-wit : the debt against Dillinger, the defendant in the execution, with interest. In this, there was error. The value of the property subject to execution, owned by the defendant in the execution, at the time the *fi. fa.* should have been levied, was the true measure of damages ; and while the declaration of the defendant, to the effect that he could have collected the debt if he had not been deceived by the defendant in the execution, was proper evidence to go before the jury, to influence their minds in establishing the value of Dillinger's property, still it did not establish a rule of damages otherwise than as stated. There must be a *venire de novo.*

Per Curiam.                              *Venire de novo.*